FILED
2021 Oct-25  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| **ELIZABETH RAYBON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CV No.:**＿＿＿＿＿＿＿＿ |
| **v.** ) | |
| ) | |
| **MOTION INDUSTRIES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## <u>COMPLAINT</u>

**COMES NOW**, the Plaintiff, Elizabeth Raybon, and files this Complaint for discrimination based on race, sex, and age, as well as, retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Alabama Age Discrimination in Employment Act, Ala. Code §25-1-20 *et seq.* ("AADEA") against Defendant Motion Industries, Inc. ("Motion").   Plaintiff also asserts claims of sex-based and race-based wage discrimination in violation of the Equal Pay Act 29 U.S.C. § 206(d) ("EPA"), and the Clark-Figures Equal Pay Act, Ala. Code §25-1-30 *et seq.* ("CFEPA")  against Defendant.  As grounds for her Complaint, Plaintiff shows this Court the following:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000e, *et seq*., and 29 U.S.C. § 621 *et seq.*

2.     Plaintiff has fulfilled all conditions precedent to the brining of this action under Title VII and the ADEA.  Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about August 20, 2020. (EEOC Complaint attached as Exhibit 1). Plaintiff was issued a Notice of Right to Sue from the EEOC on July 29, 2021 (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3.     The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

4.     Jurisdiction over Plaintiff's claims under Alabama law is based on the doctrine of pendent and supplemental jurisdiction.

**PARTIES**

5.     Plaintiff is a fifty-four-year-old (54) African American female, who is a citizen of the United States and a resident of the state of Alabama.  At all times

2

material to this lawsuit, Plaintiff was over the age of nineteen (19), a resident of this judicial district, and employed by Defendant.

6.　　Defendant, Motion Industries, Inc. is a foreign corporation formed in Delaware. Upon information and belief, Defendant's headquarters are in Birmingham, Alabama. Defendant regularly conducts business and employs workers within this judicial district and division. At all times material to this action, Defendant employed Plaintiff. Defendant is an entity subject to suit under Title VII, the ADEA, the AADEA, EPA, and CFEPA. Upon information and belief, Defendant collectively employs 500 or more individuals.

## FACTS

7.　　Motion is a supplier and distributor of industrial parts, manufacturing products and equipment. Motion operates a number of offices and distribution centers.

8.　　In or around 1998, Plaintiff was hired by Defendant to work at is branch office in Decatur, Alabama.

9.　　Since hire, plaintiff has been continuously and exclusively employed by Motion. Plaintiff was ultimately promoted to a senior clerical position.

10.　　During her tenure at Motion, plaintiff maintains that she was discriminated against on the basis of her sex, race, and age.

11.    Plaintiff was targeted, singled out, and treated differently because of her sex, race, and/or age.

12.    Caucasian employees were routinely treated more favorably than plaintiff.

13.    Plaintiff was the only senior clerical employee at the Decatur office.

14.    As of September 2018, plaintiff was working as a Senior Clerical Office Assistant.  Despite this job title, plaintiff has been performing work at a much higher grade and level.  For example, plaintiff was performing a variety of duties including those of Accounts Payable, Accounts Receivable, Receptionist, Customer Service, Counter Sales, Tax Compliance, Invoicing, Credits and Billings, and other senior level duties.

15.    Defendant failed to adequately compensate plaintiff for her work.

16.    Defendant employs Caucasians and/or males in jobs requiring substantially equal skill, effort, and responsibility.

17.    Defendant's Caucasian and/or male employees who perform duties and/or jobs similar and substantially equal to those performed by plaintiff are paid a higher wage.

18.    Defendant paid  plaintiff a lower wage than similarly situated Caucasian and/or male employees.

19.     Prior to 2018, Plaintiff's rate of pay was approximately $12.15 per hour.  In 2018, plaintiff's rate of pay was approximately $13.22 per hour.

20.     Plaintiff maintains that she has been grossly underpaid during her employment with Defendant as compared to Caucasian and/or male employees.

21.     Caucasian and/or male employees who are performing duties similarly and substantially equal to those performed by plaintiff are paid in excess of $23.00 per hour.

22.     Defendant has provided younger Caucasian employees with a rate of pay of $15.00 – 16.00 per hour at hire.

23.     Plaintiff maintains that white office assistants and senior customer service representatives routinely make more than plaintiff.

24.     On or about September 17, 2018, Plaintiff filed a EEOC claim asserting claims of race-based wage discrimination. Subsequently, Motion's  Operation Manager, Ricky Brooks met with plaintiff.  Mr. Brooks advised plaintiff that she would receive an immediate raise to $15.18 per hour.  Mr. Brooks also told plaintiff that she would receive an additional $3.00 per hour raise the following year along with a change in job title to Senior Customer Service Representative.

25.     Defendant failed to provide plaintiff with the promised $3.00 per hour raise.

26.     Defendant failed to provide plaintiff with year-end reviews, resulting in an associated failure to provide plaintiff with raises for which she was qualified.

27.     Defendant failed to provide plaintiff with merit pay increases, performance-based increases, and/or cost of living raises.

28.     Defendant provided year-end performance reviews, performance-based raises, and merit-based raises to Caucasian employees.

29.     Plaintiff maintains that she was not provided with the raises for which she was qualified due to and on the account of her sex, race, and/or age.

30.     As of July 2020, plaintiff's job position was a senior customer service representative.  Plaintiff asserts that this was not a clerical position.

31.     On or about July 31, 2020, Plaintiff was terminated by Defendant.

32.     As pretext for plaintiff's termination, defendant told plaintiff that a reduction in force was the cause of her termination.  Specifically, Defendant asserted that clerical roles were reduced and/or eliminated at branch offices due to business reasons and the COVID-19 pandemic.

33.     At the time of her termination, plaintiff maintains that she was not classified as a clerical employee, but instead was a senior customer service representative, and thus not subject to the purported reduction in force.

34.     Other similarly situated employees were not affected by the reduction in force.

35.     Plaintiff maintains that subsequent to her termination, Defendant hired a Caucasian employee who was significantly younger than plaintiff and less qualified than plaintiff to replace plaintiff.

36.     Younger employees with less experience were treated more favorably than the Plaintiff in the terms and conditions of their employment with Defendant.

37.     As of July 31, 2020, there were a number of open and available positions with Motion Industries.  Plaintiff was qualified to work in these positions.

38.     Defendant did not attempt to place plaintiff in an available position for which she was qualified.

39.     Defendant's true reason for terminating plaintiff, under a guise of a reduction in force was to terminate plaintiff on the basis of her age, race, and/or sex, and in retaliation for engaging in protected activity by opposing unlawful employment practices.

40.     Plaintiff's termination was based on Defendant's hostility towards plaintiff based upon her age, race, and/or sex and her opposition of unlawful employment practices.

41.     Defendant has engaged in a pattern and practice of treating plaintiff less favorably than similarly situated white employees.

42.     Plaintiff was discriminated against on the basis of her sex, race, and/or age with regards to the terms and conditions of her employment.

## COUNT ONE – (RACE DISCRIMINATION)

43.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

44.     Plaintiff is protected from unlawful racial discrimination pursuant to Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*.  Title VII prohibits discrimination on the basis of race with respect to an individual's compensation, terms, conditions, or privileges of employment.

45.     Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*.

46.     During her employment with Defendant plaintiff was discriminated against on the basis of her race.

47.     Plaintiff was singled out and treated differently because of her race.

48.     Caucasian employees were treated more favorably than plaintiff.

49.     Caucasian employees who were performing the same duties as plaintiff were paid higher wages.

50.     Caucasian employees who are performing duties similarly and substantially equal to those performed by plaintiff are paid in excess of $23.00 per hour.

51.    From 2018 until her termination, plaintiff's rate of pay was $15.18 per hour.

52.    Plaintiff was unlawfully terminated on the basis of her race.

53.    Other similarly situated Caucasian employees were not affected by the purported reduction in force.

54.    Plaintiff maintains that subsequent to her termination, Defendant hired a Caucasian employee to perform plaintiff's job duties.

55.    Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO – SECTION 1981

56.    Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

57.    Defendant discriminated against Plaintiff on the basis of her race with respect to her continued employment and other terms and conditions of employment in violation of 42 U.S.C. § 1981.

58.     Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT THREE - RETALIATION

59.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

60.     Defendant further discriminated against Plaintiff by retaliating against her for engaging in protected activity and opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981

61.     Defendant's actions directly and proximately caused Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT FOUR –GENDER DISCRIMINATION

62.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

63.     Plaintiff is protected from unlawful gender discrimination pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq*.  Title VII prohibits discrimination on the basis of sex with respect to an individual's compensation, terms, conditions, or privileges of employment.

64.     Defendant Motion Industries, Inc. discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*.

65.     Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices compared to male employees.

66.     Plaintiff is directly affected by these discriminatory practices by being deprived of the opportunity to work and/or work environment free of sex discrimination.

67.     Motion's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant Jackson County HealthCare Authority for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an

11

amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT FIVE –AGE DISCRIMINATION

68.    Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

69.    Plaintiff is protected from unlawful age discrimination practices pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

70.    This is a claim to redress the unlawful employment practices of age discrimination conducted by defendant's agents and employees and ratified by the defendant.

71.    Defendant discriminated against Plaintiff in the terms and conditions of her employment based on the plaintiff's age.

72.    Plaintiff is over the age of fifty (50) and a member of a protected group.

73.    Plaintiff was qualified to do the job duties of senior clerical office assistant and senior customer service representative, having performed these job duties for a number of years.

74.    Plaintiff suffered an adverse employment action –termination.

75.    Plaintiff was unlawfully terminated on the basis of her age.

76.    Plaintiff was qualified to assume other open and available positions with Motion Industries, Inc. at the time of her termination.

77.     Defendant's articulated reasons for the termination is mere pretense.

78.     Defendant discriminated against Plaintiff on the basis of her age in violation of the ADEA.

79.     Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices.

80.     Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT SIX –STATE LAW AGE DISCRIMINATION

81.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

82.     Plaintiff is protected from unlawful age discrimination practices pursuant to the Alabama Age Discrimination in Employment Act, Ala. Code §25-1-20 *et seq.*

83.     This is a claim to redress the unlawful employment practices of age discrimination conducted by defendant's agents and employees and ratified by the defendant.

84.     Defendant discriminated against Plaintiff in the terms and conditions of her employment based on the plaintiff's age.

85.     Plaintiff is over the age of sixty (50) and a member of a protected group.

86.     Plaintiff was qualified to do the job duties of senior clerical office assistant and senior customer service representative, having performed these job duties for a number of years.

87.     Plaintiff suffered an adverse employment action –termination.

88.     Plaintiff was unlawfully terminated on the basis of her age.

89.     Plaintiff was qualified to assume other open and available positions with Motion Industries, Inc. at the time of her termination.

90.     Defendant's articulated reasons for the termination is mere pretense.

91.     Defendant discriminated against Plaintiff on the basis of her age in violation of the ADEA.

92.     Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices.

93.     Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and

punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT SEVEN – EQUAL PAY ACT

94.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

95.     Plaintiff is protected from sex-based wage discrimination pursuant to the Equal Pay Act, 29 U.S.C. § 206(d). The Equal Pay Act prohibits discrimination on the basis of sex with respect to an individual's compensation.

96.     The Equal Pay Act requires employers to pay equal wages to each sex for equal work in jobs requiring substantially equal skill, effort, and responsibility.

97.     Defendant discriminated against plaintiff on the basis of her sex in violation of the Equal Pay Act.

98.     In September 2018, plaintiff was working as a Senior Clerical Office Assistant; however, plaintiff was performing the duties of a senior customer service representative. Plaintiff was performing a performing a variety of duties including those of Accounts Payable, Accounts Receivable, Receptionist, Customer Service, Counter Sales, Tax Compliance, Invoicing, Credits and Billings, and other senior level duties.

99.     Defendant has employed male employees in jobs requiring substantially equal skill, effort, and responsibility.

100.   Defendant has male employees in the following positions: senior customer service representative and account representative.  These positions are performed under similar working conditions, require substantially equal skill, effort, and responsibility, as the job performed by plaintiff.  These jobs require the same or similar physical and mental exertion level; education, experience, training, and ability; and responsibility as the job performed by plaintiff.

101.   Defendant's male employees who perform duties and/or jobs similar and substantially equal to those performed by plaintiff are paid a higher wage.

102.   Defendant paid  plaintiff a lower wage.

103.   At the time that plaintiff was paid lower wages, the Defendant knew that the Equal Pay Act required men and women to be given equal pay for equal work.

104.   Defendant's violation of the Equal Pay Act was willful and intentional.

105.   Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, liquidated damages, attorney's fees, costs,  and expenses permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT EIGHT – CFEPA

106.   Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

107.   Plaintiff is protected from sex and race-based wage discrimination pursuant to the Clark-Figures Equal Pay Act, Ala. Code §25-1-30 *et seq.*

108.   Defendant discriminated against plaintiff on the basis of her sex and race with respect to her compensation.

109.   Defendant paid plaintiff a wage rate that was less than the rate of pay paid to Caucasian and/or male employees for jobs requiring equal skill, effort, education, experience, responsibility, and performance as the job performed by plaintiff.

110.   Defendant's Caucasian and/or male employees who perform duties and/or jobs similar and substantially equal to those performed by plaintiff are paid a higher wage.

111.   Caucasian and/or male employees who are performing duties similarly and substantially equal to those performed by plaintiff are paid in excess of $23.00 per hour.

112.   Defendant has provided younger Caucasian employees with a rate of pay of $15.00 – 16.00 per hour at hire.

113.   From 2018 until her termination, plaintiff's rate of pay was $15.18 per hour.

114.   Plaintiff maintains that white office assistants and senior customer service representatives routinely make more than plaintiff.

115.   Defendant failed to provide plaintiff with merit pay increases, performance-based increases, and/or cost of living raises.

116.   Defendant provided year-end performance reviews, performance-based raises, and merit-based raises to Caucasian employees.

117.   Defendant willfully and intentionally violated the CFEPA.

118.   Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, liquidated damages, attorney's fees, costs, and expenses permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,


Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**


OF COUNSEL




**Copy Served Upon:**

Motion Industries, Inc.
c/o C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Elizabeth M. Raybon | (b) (7)(C) 1 line redacted | 67 |

| Street Address | City, State and ZIP Code |
|---|---|
| (b) (7)(C) 1 line redacted | Decatur, AL 35601 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Motion Industries | 15+ | 205-951-5068 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1605 Alton Road | Birmingham, AL 35210 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached Statement of Claim

RECEIVED
U.S. EEOC
AUG 20 2020
Birmingham District Office

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

8/11/20  *Elizabeth Raybon*

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EXHIBIT 1

## STATEMENT OF CLAIM
## OF
## ELIZABETH RAYBON

I am an African-American and have been grossly underpaid during my employment. I have been employed for more than 24 years and my current job title is Senior Clerical Office Assistant. I have been performing work at a much higher grade and level and yet I continue to be grossly underpaid. As a result, I am making an Equal Pay Act claim for the failure of my employer to pay me according to the work that I have been performing. Currently, I perform duties including those of Accounts Payable, Accounts Receivable, Receptionist, Customer Service, Counter Sales, Tax Compliance, Invoicing, Credits and Billings among other senior level duties. The failure of the company to pay me according to my experience, training and work performance has been and continues to be a continuing violation. I am specifically claiming that the company has discriminated against me on account of my race, age and sex, in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

In addition, and in the alternative, on or about July 31, 2020, the company informed me that I had been reduced in force. I believe this reduction in force was targeted at me as other similarly situated employees were not so reduced. I believe that I have been discriminated against on account of race, age and sex, as there are other positions available which I could perform and was not considered. In addition, I believe a white person was specifically hired to replace me who is significantly younger than me and less than 40 years of age. I believe my employer has discriminated against me on account of race, sex and age.

As a result, I seek all damages allowed by law including back pay, front pay, mental anguish, distress and punitive damages if the facts so warrant.

_Elizabeth Raybon_
ELIZABETH RAYBON

Sworn to and subscribed before me on this the _13_ day of August, 2020.

_____
Notary Public
Commission expires: _3/30/22_

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To:   Elizabeth M. Raybon | From:   Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-02912 | **TAMMY L. KIRK,**<br>**Investigator** | **(205) 651-7052** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

SHERI GUENSTER                  Digitally signed by SHERI GUENSTER
                               Date: 2021.07.29 12:00:08 -05'00'

| Enclosures(s) | | |
|---|---|---|
| | */for* **BRADLEY A. ANDERSON,**<br>**District Director** | *(Date Issued)* |

cc:   **MOTIONS INDUSTRIES**
c/o James Taylor, Attorney
Martenson, Hasbrouck & Simon LLP
2573 Apple Valley Road Ne
Atlanta, GA 30319

Jay E. Emerson, Attorney
**HIGGS AND EMERSON**
405 Franklin Street
Huntsville, AL 35801



EXHIBIT
2